# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

|  |  |  |
|---|---|---|
| **STEVEN SMALLWOOD**<br>**207 Graiden Street**<br>**Waldorf, MD 20602** | ) | |
| **Plaintiff** | ) | |
| **v.** | ) | **Case No.:  1:18-cv-2569** |
| **ROBERT WILKIE**<br>**SECRETARY, DEPARTMENT OF**<br>**VETERANS AFFAIRS**<br>**810 Vermont Avenue, NW**<br>**Washington DC 20420** | ) | **JURY TRIAL DEMAND** |
| **Defendant** | ) | |

## COMPLAINT

Plaintiff Steven Smallwood, by and through counsel, hereby files this Complaint for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII") against Defendant Robert Wilkie, Secretary, U.S. Department of Veterans Affairs.

## JURISDICTION AND VENUE

1.      This court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e *et seq.*

2.      Plaintiff has exhausted all administrative remedies prior to filing suit.

3.      Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) in that all or some events or omissions giving rise to Plaintiff's claims occurred in this judicial district, and Defendant may be found in this judicial district.

## PARTIES

4.      Plaintiff Steven Smallwood is a 52 year old (born March 1967) African American male and a resident of the State of Maryland.

5.      Robert Wilkie (hereinafter "Defendant" or the "Agency") is the Secretary of the U.S. Department of Veterans Affairs ("VA"), an administrative agency of the United States government and an "employer" within the meaning of the statutes under which Plaintiff brings her claims.

## FACTUAL ALLEGATIONS

6.      Plaintiff Smallwood has worked for the Department of Veterans Police Service since 2007.  He was hired as a Police Officer and was promoted to Lead Police Officer/Sergeant in 2017.  Throughout his employment, Plaintiff met and/or exceeded the performance expectations for his positions and received excellent annual performance reviews nearly every year.

7.      Prior to July 2011, Plaintiff Smallwood occupied a GS-7 level position.  In June 2011, Tyrone Tucker, Training Supervisor, GS-10, was removed from his position after a failed inspection, and Plaintiff Smallwood replaced Mr. Tucker in a temporary capacity.  Plaintiff Smallwood served as the Acting Training Supervisor, a GS-10 level position, through April 2014.  Chief Jerry Brown told Plaintiff Smallwood that his grade level would be increased to GS-10.  However, Plaintiff Smallwood's grade level was never increased from GS-7.

8.      A vacancy announcement for the Training Supervisor position was posted in April 2014.  The Training Supervisor position was posted as a GS-10 level position and only employees at a GS-8 level and above were eligible to apply for the position.  Even though Plaintiff Smallwood had served as Acting Training Supervisor, a GS-10 level position, for nearly

three years, he was barred from applying for the vacant Training Supervisor position because he was still listed as a GS-7 level employee.  Despite the listed requirement, Vernon (last name unknown), an African American woman in her mid-30s who occupied a GS-6 level position, was selected for the Training Supervisor position.

9.      In April 2014, Plaintiff Smallwood filed an internal EEO complaint and asserted that he was subjected to discrimination based on his race, age, and gender when he was not selected for the Training Supervisor position and Vernon (last name unknown) was preselected for the position, even though she did not meet the minimum requirements of the position. Plaintiff Smallwood's EEO case settled in October 2015, and as a result, the Agency agreed to give him SS50 credit for time served as a GS-10 level Acting Training Supervisor from June 2011 to April 2014 and to award him backpay for his service as a GS-10 employee.  However, the agency has still not imputed the SS50 credit into its system.

10.     In February 2017, Tony Hebert asked Plaintiff Smallwood in a public setting if he had filed an EEO complaint against Chief Jerry Brown.  Plaintiff Smallwood confirmed that he had filed an EEO complaint.   Previously, on January 11, 2017, Mr. Hebert told Union Representative LaMarr Walker that he wanted to fire several employees who had complained about him, including Plaintiff Smallwood.

11.     In April 2017, Tony Hebert became the Chief, Police Service. At a meeting on April 6, 2017, he informed all officers that the Agency would be filling Sergeant positions. The positions became available in May 2017 and Vacancy Announcements were posted in the Police Control Room. The Agency has always followed the practice of posting Vacancy Announcements in the Police Control Rooms so officers on the day and overnight shifts could

see the Vacancy Announcements.  The Vacancy Announcements for the Sergeant positions were posted for approximately one month.

12.     On Friday, May 26, 2017, the last business day before the Memorial Day holiday weekend, the Agency opened two vacant Supervisor Police Officer/Captain positions, GS-083-9/10. The vacancy closed on Wednesday, May 31, 2017, after only two business days. Plaintiff Smallwood, who had previously expressed an interest in the Captain position in early 2017, did not realize that there had been positions open until he learned that interviews were being conducted for the Captain position.   Plaintiff Smallwood worked the overnight shift on Thursday, May 25, 2017 and got off work at 6 a.m. on Friday, May 26, 2017, before the opening of the positions. Plaintiff Smallwood returned to work Monday evening, May 29, 2017 at 6 p.m., which was a holiday and no administrative personnel were present. He returned to work Tuesday evening, May 30, 2017 and worked through the morning of Wednesday, May 31, 2017 to 6 a.m. Plaintiff Smallwood was not informed by email or any supervisors or the day shift personnel about the open positions and therefore did not apply for the promotions. Three individuals applied for the positions, including the two day Sergeants and one officer who worked at a different VA location and had just completed school. The Vacancy Announcement was for two positions but the Agency selected three light-skinned employees for the Captain position, including Alfred Coburn, who previously worked for Chief Hebert at another VA facility. Mr. Coburn likely learned about the position from Chief Hebert, who did not notify Plaintiff Smallwood.

13.     Mr. Coburn was promoted again to Major in late 2017.

14.     In or around April 2018, the Division Chief initiated an investigation into Chief Hebert's conduct, and Chief Hebert was removed from the Chief position during the

approximately thirty-day investigation.  While the investigation was pending, Chief Hebert told

Mr. Coburn and the President Deputy Chief that he was going to be reinstated, that he knew who

had complained about him, and that he planned to get back at those who had complained about

him.  Several officers overheard Chief Hebert's statements.

15.    In an organizational meeting on June 20, 2017, Chief Hebert announced that he

planned to fight every EEO complaint and stated that he would be protected from any EEO

charges because he planned to have three other chiefs make the selections for the posted

vacancies.

16.    Plaintiff Smallwood timely filed an EEO claim alleging discrimination based on

his prior EEO activities and a pattern of discrimination in promotions and hirings at the Agency.

Plaintiff Smallwood exhausted all administrative remedies.

## Count I

**Violation of Title VII of the Civil Rights Act of 1964, as amended**
**42 U.S.C. § 2000e *et seq.***
**(Retaliation)**

17.    Plaintiff incorporates by reference paragraphs 1 through 16 as if fully stated

herein.

18.    Title VII of the Civil Rights Act of 1964 states it is an unlawful employment

practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to

discriminate against any individual with respect to his compensation, terms, conditions, or

privileges of employment, because of such individual's race, color, religion, sex, or national

origin or because he has complained of such discriminatory treatment.

19.    At all pertinent times, the Defendant was an employer subject to provisions of

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

20.     At all pertinent times, Plaintiff was an employee entitled to protection under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

21.     In violation of Title VII of the Civil Right Act of 1964, 42 U.S.C. § 2000e *et seq.*, Defendant knowingly and intentionally subjected Plaintiff to retaliation for engaging in protected activities when he was subjected to a pattern of discriminatory hiring and promotion practices as detailed above, including only promoting Caucasian and light-skinned applicants to the position of Captain; and changing personnel practices to promote Caucasian and light-skinned applicants, including filling positions without vacancy announcements and not announcing positions to all applicants or posting vacancy announcements in the Police Control Room for the Captain position in May 2017. In addition, Defendant excluded Plaintiff Smallwood from the selection process for the Captain position in July 2017, by deviating from normal practices of posting vacancy announcements and notifying certain officers and an individual employed outside of the Agency about the vacant position but not notifying Plaintiff Smallwood; reducing the period to apply for the position to two business days; and hiring three Caucasian or light-skinned applicants for the positions.

22.     As a result of such acts, Plaintiff has suffered damages.

## PRAYER FOR RELIEF

WHEREFORE and for the foregoing reasons, Plaintiff respectfully prays as follows:

a.      Issue a declaratory judgment that Defendant's practices toward Plaintiff were violative of his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

b.      Enjoin Defendant from retaliating against employees for engaging in protected activities;

c.      Award Plaintiff retroactive promotion to the Supervisor Police Officer/Captain position, GS-083-9/10, and all available damages, including compensatory damages for emotional distress and hardship created by the Defendant's discrimination;

d.      Award payment of all fees, costs, expenses, including attorneys' fees and expert fees; and

e.      Award Plaintiff such other relief as to which she may be deemed entitled.

Respectfully submitted,

_____/s/_____
David A. Branch #438764
Law Office of David A. Branch &
Associates, PLLC
1828 L Street NW, Suite 820
Washington, DC 20036
(202) 785-2805 phone
(202) 785-0289 fax
davidbranch@dbranchlaw.com

**<u>JURY TRIAL</u>**

Plaintiff requests a trial by jury on all issues that are triable by jury.